IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

FILED
2010 JUL 30 P 12: 09

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

LESLIE C. HESTER,

    Plaintiff,

vs.

3:10-cv-669-J-20 JBT

FA RESTAURANT HOLDINGS, LLC d/b/a
FAMOUS AMOS RESTAURANT, a Florida
Corporation, and JOHN PHELAN, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LESLIE C. HESTER, sues Defendants, FA RESTAURANT HOLDINGS, LLC. d/b/a FAMOUS AMOS RESTAURANT, and JOHN PHELAN, and shows:

### Introduction

1. This is an action by LESLIE C. HESTER against her former employers for unpaid overtime, pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, LESLIE C. HESTER, (hereinafter "HESTER") a resident of Duval County, was at all times material, employed by FA RESTAURANT HOLDING, LLC d/b/a

FAMOUS AMOS RESTAURANT, as an employee as defined by 29 U.S.C. § 203(e), and during her employment with FA RESTAURANT HOLDINGS, LLC d/b/a FAMOUS AMOS RESTAURANT, was engaged in commerce or in the production of goods for commerce.

5.  Defendant, FA RESTAURANT HOLDINGS, LLC d/b/a FAMOUS AMOS RESTAURANT (hereinafter, "FAMOUS AMOS RESTAURANT"), is a Florida Corporation doing business in Duval County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in where HESTER was employed.

6.  Defendant, JOHN PHELAN (hereinafter "PHELAN"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant FAMOUS AMOS RESTAURANT.

7.  Defendant STRATEGIC acted and acts directly in the interests of Defendant FAMOUS AMOS RESTAURANT, in relation to its employees. Thus STRATEGIC was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by Defendant FAMOUS AMOS RESTAURANT – Overtime**

8.  Plaintiff, LESLIE C. HESTER, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9.  Since on or about February 2010 up to and including July 2010, defendant FAMOUS AMOS RESTAURANT has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HESTER, since February 2010, has worked in excess of 40 hours a week nearly every week of her employment, and was not

compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

10. The failure to pay overtime compensation to HESTER is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if HESTER was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to HESTER.

11. FAMOUS AMOS RESTAURANT's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and HESTER's status as non-exempt, but chose not to pay her in accordance with the Act.

12. HESTER is entitled pursuant to 29 U.S.C. § 216(b), to recover from FAMOUS AMOS RESTAURANT:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, LESLIE C. HESTER, prays that this court will grant judgment against defendant FAMOUS AMOS RESTAURANT:

    a. awarding HESTER payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding HESTER an additional equal amount as liquidated damages;

    c. awarding HESTER her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

## Count II – Violation of FLSA by Defendant JOHN PHELAN – Overtime

13. Plaintiff, LESLIE C. HESTER, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about February 2010 up to and July 2010, defendant JOHN PHELAN has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically HESTER, since February 2010, has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

15. The failure to pay overtime compensation to HESTER is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if HESTER was exempt, PHELAN's actions and/or conduct have effectively removed any exemption that may have applied to HESTER.

16. PHELAN's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and HESTER's status as non-exempt, but chose not to pay her in accordance with the Act.

17. HESTER is entitled pursuant to 29 U.S.C. § 216(b), to recover from PHELAN:

   a.  All unpaid overtime that is due;

   b.  As liquidated damages, an amount equal to the unpaid overtime owed;

   c.  The costs of this action, and;

   d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff, LESLIE C. HESTER, prays that this court will grant judgment against defendant PHELAN:

a. awarding HESTER payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b. awarding HESTER an additional equal amount as liquidated damages;

c. awarding HESTER her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: July 26, 2010
Plantation, Florida

Respectfully submitted,

_____
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for LESLIE C. HESTER